IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-13-ALM-CAN |
| | § | |
| JUAN FRANCISCO GUTIERREZ-MEJIA (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Juan Francisco Gutierrez-Mejia's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 22, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Will Tatum.

Defendant was sentenced on March 21, 2017, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Reentry of Deported Aliens, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. He was subsequently sentenced to 36 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C § Section 1101, et. Seq. The court recommends that the defendant be deported. If ordered deported, the defendant shall remain outside of the United States. In the event

the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country; and $100 special assessment. On March 19, 2020, he completed his period of imprisonment and began service of the supervision term. He was deported to Mexico on or about April 3, 2020. This case was transferred to The Honorable Amos L. Mazzant, III, U.S. District Judge on December 10, 2021.

On January 21, 2022, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 59, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not commit another federal, state or local crime; (3) You must not commit another federal, state, or local crime; and (4) As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C §Section 1101, et. Seq. The court recommends that the defendant be deported. If ordered deported, the defendant shall remain outside of the United States. In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country [Dkt. 59 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On November 23, 2021, Defendant was arrested by the Laredo, Texas Police Department for the offenses of Interfere

w/Public Duties; Resist Arrest Search or Transport; and Fail to Identify Giving False/fictitious Info. He released on bond on November 24, 2021. No formal charges have been filed and this matter remains pending in Webb County, Texas. According to the offense report, officers were dispatched to a domestic disturbance. A woman was shouting she wanted Defendant out of her apartment. He requested to gather his belongings, but she insisted he leave. Despite officers instructing him to go outside, he refused to cooperate. Upon an officer trying to apprehend him, he pulled away from the officer and impeded the officer from placing him in handcuffs. Once they were able to place him in the back of the police car, he was asked for his name and identity. Defendant provided false information. Further investigation revealed Defendant uses several aliases. It was also discovered he had an outstanding detainer from Immigration Customs Enforcement. He was subsequently placed under arrest. Officers also charged him with Possession of Drug Paraphernalia and issued him a citation. Furthermore, they determined Defendant was wanted for being involved in a crash on October 19, 2021; (2) On or prior to November 23, 2021, Defendant committed the offense of Re-entry of a Deported Alien in violation of Title 8 U.S.C. § 1326(a) & (b)(1), as he was deported to Mexico on or about April 3, 2020, and he did not have legal permission to reenter or be in the United States on or about the date noted above. No formal arrest or charges have been made as of this writing; (3) On December 24, 2021, Defendant was arrested by the Laredo, Texas Police Department for the 3rd degree felony offense of Possession of Controlled Substances Penalty Group 1>=1g<4g. Due to an active supervised release violation warrant, he was not released on bond, and he remains in the custody of the United States Marshals Service. No formal charges have been filed and this matter remains pending in Webb County, Texas. According to the offense report, officers were patrolling an apartment complex as they were searching for another wanted individual. Defendant was observed and appeared suspicious. Upon

being questioned, he advised his name was Juan Ponce and stated he lived at the apartment complex with his wife. Officers searched him despite Defendant having denied having anything in his pockets. The search resulted in officers finding a white rock substance that tested positive for Cocaine; and (4) Defendant was deported to Mexico on or about April 3, 2020. However, the recent arrests noted above are evidence that he returned to the United States unlawfully, failed to remain outside of the United States, and did not report to the U.S. Probation Office upon his return [Dkt. 59 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition. The Government dismissed allegations 1, 3, and 4 of the Petition. Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 72; 73].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months, with a term of supervised release of twelve (12) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring Employment; and (2) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the

Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside of the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country. report in person to the probation office in the district to which the defendant is released.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Kentucky, if appropriate.

**SIGNED this 29th day of April, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE